November 27, 2024

Noah Gabriel            :

v.            :

Jeffrey M. Willis et al.        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Noah Gabriel          :

v.           :

Jeffrey M. Willis et al.     :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, Noah Gabriel, who is self-represented, appeals from an order granting a temporary restraining order and preliminary injunction in favor of the defendants, Jeffrey M. Willis in his official capacity as Executive Director of the Coastal Resources Management Council and the Coastal Resources Management Council (collectively CRMC), which ordered the plaintiff to "cease and desist all activities on [the p]laintiff's property" in Narragansett, Rhode Island. The plaintiff raises several arguments on appeal and contends that CRMC did not have the authority to institute an enforcement action against him, as his property is not a "wetland." This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing

- 1 -

or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

# I

## Facts and Travel

The plaintiff owns an undeveloped parcel of real estate on Daytona Avenue in Narragansett, identified as Assessor's Plat No. Y-3, lot No. 186 (the property). On April 27, 2022, CRMC received notification from the Narragansett building official of potential wetland violations on the property. This notification caused CRMC Enforcement Department staff to investigate the property for potential violations of wetland regulations. The CRMC investigation revealed that the property had been altered through four actions: (1) clearing of vegetation; (2) application of fill soil to the property; (3) installation of a culvert; and (4) installation and expansion of a driveway.

Following the investigation of the property, CRMC determined that wetland regulations had been violated by plaintiff and issued a cease-and-desist order on May 4, 2022. Subsequently, plaintiff engaged the services of Ecosystem Solutions, Inc., to delineate the wetland on the property. The parties were unable to reach a resolution concerning the extent of the wetland; and, in an email dated January 1, 2023, plaintiff asserted that the entire lot was not within CRMC jurisdiction. Thereafter, on March 27, 2023, CRMC issued an order to restore, requiring plaintiff

to submit a plan to CRMC for complete restoration of his property by a qualified professional on or before April 30, 2023, and to restore the property by May 15, 2023. In response to this order, plaintiff filed the case at bar in Washington County Superior Court on April 25, 2023.

In his complaint, plaintiff asserted numerous claims, including that CRMC lacked jurisdiction over the property; CRMC conducted illegal digging on the property; CRMC personnel illegally trespassed on the land; his property was illegally flooded; and CRMC made false statements and falsified records. In response, CRMC filed an answer and counterclaim seeking injunctive relief and a declaratory judgment that it had the right to enforce the wetland regulations on the property. Additionally, CRMC filed a motion for a temporary restraining order and a preliminary injunction to preclude plaintiff from making any further alterations to his property.

The plaintiff objected to this motion, asserting that it was "unlawful" with respect to his property rights. He cited the Clean Water Act (chapter 26 of title 33 of the United States Code) and *Sackett v. Environmental Protection Agency*, 598 U.S. 651 (2023), in his objection.[1] A hearing on CRMC's motion for a temporary

---

[1] In his objection, plaintiff included a conclusory statement claiming that CRMC's motion for a temporary restraining order and preliminary injunction was an "unlawful motion according to the constitutional rights to property governed by United States federal law." In the same objection, plaintiff asserted, with no explanation, that the applicable federal laws include Section 404 of the Clean Water

restraining order and preliminary injunction was then held before a justice of the Superior Court on August 25, 2023.

At the hearing, CRMC staff member Devon Robinson, an environmental scientist responsible for enforcement of CRMC regulations, testified that she observed alterations to the wetland on plaintiff's property, precipitating the issuance of the cease-and-desist order. She also testified that plaintiff's property is in fact a "contiguous freshwater wetland * * *." She further testified that plaintiff ultimately did not comply with the cease-and-desist order, causing CRMC to issue an order to restore. According to Robinson, plaintiff then violated the order to restore by performing additional alterations to his property. She also testified that continued alteration of plaintiff's property would immediately put the environment at risk. On cross-examination, plaintiff acknowledged that he made several alterations to his property after the issuance of the cease-and-desist order and the order to restore.

The hearing justice rendered a decision on CRMC's motion for a temporary restraining order, citing *Iggy's Doughboys, Inc. v. Giroux*, 729 A.2d 701 (R.I. 1999), as setting forth the applicable standard of review. The hearing justice stated that,

---

Act relating to "illegal flooding" and *Sackett v. Environmental Protection Agency*, 598 U.S. 651 (2023), as it "defines a wetland[,]" pursuant to the Clean Water Act (chapter 26 of title 33 of the United States Code). *Sackett*, 598 U.S. at 671-78. CRMC's enforcement actions against plaintiff were not brought pursuant to the Clean Water Act; rather, CRMC cited plaintiff for violating state CRMC regulations promulgated pursuant to state statutory authority.

pursuant to *Iggy's Doughboys*, "The moving party must establish a reasonable likelihood of success on the merits; the party must also demonstrate they suffer irreparable harm; the balance of the equities tips in their favor; and the issuance of the temporary restraining order protects the status quo." After applying these factors to the facts of the case at bar, the hearing justice ultimately granted CRMC's motion for a temporary restraining order and a preliminary injunction. An order to that effect entered on September 21, 2023. The plaintiff filed a notice of appeal on September 27, 2023.

## II

### Standard of Review

"Although the grant of a preliminary injunction is an interlocutory order, a direct appeal to this Court is permissible pursuant to G.L. 1956 § 9-24-7." *Gianfrancesco v. A.R. Bilodeau, Inc.*, 112 A.3d 703, 708 (R.I. 2015); *see also Iggy's Doughboys*, 729 A.2d at 705. "When reviewing a hearing justice's decision to grant a preliminary injunction, this Court applies an abuse of discretion standard of review." *Finnimore & Fisher Inc. v. Town of New Shoreham*, 291 A.3d 977, 982-83 (R.I. 2023) (quoting *Gianfrancesco*, 112 A.3d at 708). "If the party requesting the preliminary injunction has established a prima facie case warranting preliminary injunctive relief, this Court will not find an abuse of discretion." *Id.* at 983 (quoting *Gianfrancesco*, 112 A.3d at 708).

- 5 -

"Under such a limited scope of review, this Court need not reach nor resolve the underlying substantive issues as it would after the imposition of a permanent injunction. * * * Instead, our role is limited to determining whether the hearing justice considered and resolved each of the appropriate preliminary injunction factors without abusing his or her discretion." *Finnimore & Fisher Inc.*, 291 A.3d at 983 (quoting *Gianfrancesco*, 112 A.3d at 708). These preliminary injunction factors include

> "whether the moving party (1) has a reasonable likelihood of success on the merits, (2) will suffer irreparable harm without the requested injunctive relief, (3) has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor, and (4) has shown that the issuance of a preliminary injunction will preserve the status quo." *Id.* (quoting *Gianfrancesco*, 112 A.3d at 708).

## III

## Discussion

On appeal, plaintiff lists several arguments that appear to relate to substantive underlying issues of the instant case, including: "Sacketts vs. The EPA [*sic*] (Definition of a Wetland)"; "Property Rights and the Constitution"; "Property as the foundation of all rights and our most fundamental right"; "Property rights under the promise of Common Law and the Constitution"; "Property rights protecting sole dominion and quiet enjoyment"; "Property rights under the RI State Constitution"; "Property rights under the Supreme Court Decision Sacketts vs. The EPA [*sic*]";

- 6 -

"Property rights preventing flooding and encroachment onto other private properties"; "CRMC Illegalities and Ethics Violations"; "Section 404 Clean Water Act (Army Core [*sic*] of Engineers)"; and "Right to a Healthy Environment."

The plaintiff, however, filed a notice of appeal from the Superior Court's grant of the temporary restraining order and the preliminary injunction in favor of CRMC. Accordingly, the sole issue before this Court is whether the hearing justice abused her discretion in granting such an order.

CRMC argues that the Superior Court properly analyzed the facts of the case through the preliminary injunction factors set forth in *Iggy's Doughboys*. Furthermore, CRMC asserts that the hearing justice did not abuse her discretion in ultimately granting the temporary restraining order and the preliminary injunction based upon this analysis. We agree.

The first factor to be considered when deciding whether to grant a preliminary injunction is "whether the moving party [] has a reasonable likelihood of success on the merits[.]" *Finnimore & Fisher Inc.*, 291 A.3d at 983. Before the Superior Court, CRMC argued that it "will succeed on the merits of its case because the evidence tends to show that wetland violations have occurred on [plaintiff]'s property, and that those violations have continued despite the Cease and Desist Order and the Order to Restore." The hearing justice relied on the testimony of Robinson and of plaintiff himself to determine that there had been violations of wetland regulations

on the property after the issuance of the cease-and-desist order and the order to restore. Furthermore, the hearing justice noted that plaintiff does not dispute the fact that he made several alterations to his property in violation of the CRMC orders. These findings are sufficient to establish that the hearing justice did not abuse her discretion in determining that CRMC has a reasonable likelihood of success on the merits.

The second factor to consider is "whether or not the moving party * * * will suffer irreparable harm without the requested injunctive relief[.]" *Finnimore & Fisher Inc.*, 291 A.3d at 983 (quoting *Gianfrancesco*, 112 A.3d at 708). As CRMC argued, its purpose and legislative mandate is to protect the environment, which it achieves through the promulgation and enforcement of regulations. Before the Superior Court, CRMC asserted that it "cannot protect the coastal resources of the state if land owners do not abide by the agency's enabling statute and legally promulgated rules." The hearing justice relied on plaintiff's testimony that he had taken down a tree, planted grass, and made other alterations to the property after the cease-and-desist order was issued in May of 2022. This testimony led the hearing justice to decide that "[CRMC] will suffer irreparable harm because of the plaintiff's flagrant disregard of the orders of [CRMC]. He continues, through his actions, to harm the environment." The hearing justice did not abuse her discretion in finding that CRMC would face irreparable harm without injunctive relief.

Next, it must be determined "whether the moving party * * * has the balance of the equities, including the possible hardships to each party and to the public interest, tip in its favor[.]" *Finnimore & Fisher Inc.*, 291 A.3d at 983 (quoting *Gianfrancesco*, 112 A.3d at 708). Before the Superior Court, CRMC asserted, "If a [temporary restraining order] is not granted the development of [plaintiff]'s property likely will continue. The continued development of [plaintiff]'s property, unbound by CRMC regulations, cripples CRMC's ability to protect the environment." Further comparing the parties' equities, CRMC argued, "[T]he potential environmental harm outweighs any potential financial hardship. Therefore, the balance of equities favors CRMC, and thus, the TRO should be granted." The hearing justice agreed and determined that "[t]he balance of the equities weighs in favor of CRMC because of the environmental harm that continues." There is nothing in the record to dispute CRMC's prima facie showing that there has been harm done to the environment, and therefore the hearing justice did not abuse her discretion in determining that the balance of the equities favors CRMC.

Finally, it must be determined "whether the moving party * * * has shown that the issuance of a preliminary injunction will preserve the status quo." *Finnimore & Fisher Inc.*, 291 A.3d at 983 (quoting *Gianfrancesco*, 112 A.3d at 708). Before the Superior Court, CRMC argued that "the issuance of a temporary restraining order serves to protect the status quo ante, and * * * by preventing [plaintiff] from

- 9 -

continuing operations on his property, it will preserve the wetland, even though it has already been altered, and the wetland was what existed prior to the beginning of this matter." The hearing justice agreed, finding that "[t]he issuance of the temporary restraining order protects that status quo because it preserves the wetland." We perceive no abuse of discretion in her conclusion that issuing a preliminary injunction would preserve the wetland in the state the property was in at the time of the decision.

Accordingly, our review of the record reveals that the hearing justice was acting well within her discretionary authority in granting the temporary restraining order and preliminary injunction ordering the plaintiff to "cease and desist all activities" on the property.

## IV

## Conclusion

For the foregoing reasons, we affirm the order of the Superior Court. The papers in this case may be remanded to that tribunal.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Noah Gabriel v. Jeffrey M. Willis et al. |
| **Case Number** | No. 2023-349-Appeal. (WC 23-179) |
| **Date Opinion Filed** | November 27, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Noah Gabriel, *pro se*<br>For Defendants:<br><br>Mark E. Hartmann, Esq. |